LISA A. RASMUSSEN, ESQ. (NV Bar 7491)
**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Phone (702) 222-0007
Lisa@Veldlaw.com
Attorneys for Plaintiffs Peter and Maria Lykins

CRAIG R. ANDERSON, ESQ. (NV Bar 6882)
JACKIE V. NICHOLS, ESQ. (NV Bar 14246)
**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, NV 89145
(702) 382-0711
CAnderson@maclaw.com
Jnichols@maclaw.com

Attorneys for Defendants LVMPD,

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| PETER LYKINS; and MARIA LYKINS, <br><br> Plaintiffs, <br><br> vs. <br><br> THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT; and DORI KOREN, in his official capacity, <br><br> Defendants. | CASE NO. 2:22-cv-1068 APG-BNW <br><br> **[PROPOSED]** <br> **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **[SPECIAL SCHEDULING REVIEW REQUESTED]** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule 26-1(d), the parties, by and through their respective counsel, hereby submit the following proposed *Discovery Plan and Scheduling Order*.

The parties hereby request a **special scheduling review** to allow discovery to be completed within three hundred and sixty five (365) days, due to the voluminous amount of electronic data (body worn camera video) that was generated on the date of the events alleged in

the Amended Complaint.

1. **Fed.R.Civ.P. 26(f) Meeting:**

Pursuant to Rule 26(f), the following parties appeared to meet and confer on July 22, 2022: Plaintiffs Peter Lykins and Maria Lykins, by and through their counsel, Lisa A. Rasmussen, Esq; and. Defendants the Las Vegas Metropolitan Police Department and Dori Koren, by and through their counsel Jackie V. Nichols, Esq.

Counsel discussed each of the items set forth in FRCP 26(f) and Local Rule LR 26-1. Defendants filed their responsive pleading, a Motion to Dismiss, on July 13, 2022. [ECF 6.]

2. **Changes to Pre-Discovery Disclosures.**

Pursuant to FRCP 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that disclosures under FRCP 26(a) shall be due on or before **Friday, July 29, 2022.**

3. **Areas of Discovery.**

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34 and Rule 36 should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

All parties reserve all rights.

4. **Issues with Electronic Stored Information**

The parties stipulate that they are not aware of any issues pertaining to the disclosure, discovery, or preservation of electronically stored information. The parties anticipate, however,

that this case will involve or require inspection or production of electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree tha the EDI can be produced in paper format, as an image (e.g., PDF, JPG or TIFF), or via hard electronic copy (E.G., CD-ROM, DVD, USB Flash Drive, DropBox.com or other electronic file sharing program). The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and readable) format.

**5. Issues Regarding Privilege or Protection**

The parties agree to be bound by FRE 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable stops to identify and prevent disclosure of any document (or information) that they beliefe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document shall promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosures occurred, amend its discovery response and notify the requesting party that such in advertent disclosure occurred, amend its discovery response and notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and the returning party does not waive any right to request an order from the court denying such privilege.

. . .

**6. Discovery Plan and Information Pursuant to Local Rule 26-1(b)**

A. Discovery Cutoff Date: In accordance with Local Rule 26-1(b)(1), the discovery cut-off date shall be **Friday, July 21, 2023.**

B. Parties: In accordance with Local Rule LR 26-1(b)(2), the last day to file a motion to amend the pleadings or to add parties shall be **Thursday, April 20, 2023.**

C. Experts: In accordance with Local Rule LR 26-1(b)(3), the last day for disclosures as required by FRCP 26(a)(2)(c) concerning experts shall be **Monday, May 22, 2023.** The last day for disclosures concerning rebuttal experts shall be **Wednesday, June 21, 2023.**

D. Dispositive Motions: In accordance with Local Rule 26-1(b)(4), the last day for filing dispositive motions including, but not limited to motions for summary judgment, shall be **Monday, August 21, 2023.**

E. Pretrial Order: In accordance with Local Rule 26-1(b)(5), the last day to file a Joint Pretrial Order including any disclosures pursuant to FRCP 26(a)(3), shall be **Wednesday September 20, 2023.** In the event dispositive motions are filed, the date for filing the Joint Pretrial Order will be suspended until thirty (30) days after decision on the dispositive motions or further court order.

F. In accordance with Local Rule LR 26-3, a motion or stipulation to extend a deadline set forth in the discovery plan must be received by the court no later than twenty-one (21) days before the expiration of the subject deadline.

**7. Certifications**

A. Alternative Dispute-Resolution: The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration and may be amenable to future discussions at a later date.

B.  Trial by a Magistrate Judge: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

C.  Electronic Information: The parties intend to produce discovery in electronic form and will ensure that such electronically stored information will be compatible with the court's electronic jury evidence display system. The parties do not at this time anticipate any issues about disclosures or discovery of electronically stored information, if any, including the form or forms in which it should be produced. The parties shall meet and confer and otherwise work in good faith with respect to the production of electronically stored information should any dispute arise.

D.  Privileged or Protected Documents: The parties anticipate that there may be some information contained in personnel files and medical records that will require a protective order. The parties have agreed to enter into mutual protective orders when the need arises.

DATED this 25th day of July, 2022.

| | |
|---|---|
| **The Law Offices of Kristina Wildeveld & Associates** | **Marquis Aurbach** |
| By: /s/ Lisa Rasmussen | By: /s/ Jackie V. Nichols |
| LISA A. RASMUSSEN, ESQ. | JACKIE V. NICHOLS, ESQ. |
| NV Bar No. 7491 | NV Bar No. 14246 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

## ORDER

IT IS ORDERED that ECF No. 8 is DENIED. The parties have not demonstrated good cause for the lengthy discovery period they seek.

IT IS FURTHER ORDERED that the parties must file a new proposed discovery plan and scheduling order by 7/29/2022 and may seek up to 240 days for discovery. The parties may seek discovery extensions later, if necessary.

**IT IS SO ORDERED**

**DATED:** 3:48 pm, July 26, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

-5-