UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER LYKINS, an individual; MARIA LYNKINS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01068-APG-BNW <br><br> **ORDER** |

Before the Court is Plaintiffs' Motion seeking to seal certain sub-exhibits to their Amended Motion for Leave to File a Second Amended Complaint.[1] ECF No. 36. No opposition has been filed. The Court has reviewed the documents in question and finds that Plaintiffs have not met their burden of showing compelling reasons to seal the sub-exhibits. As a result, Plaintiffs' motion is denied.

I.   **Legal Standard**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively accessible to the public. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* Two standards govern motions to seal: the "compelling reasons" standard and the "good cause" standard. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that

---

[1] The sub-exhibits in question are sealed at ECF 35.

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents, if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). On the other hand, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Considering the "weaker public interest in non-dispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to non-dispositive motions. *Pintos*, 605 F.3d at 678. "Non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

**II.    Plaintiffs have not met their burden to seal sub-exhibits to exhibit "A" of their Second Amended Complaint.**

Here, Plaintiffs seek to file sub-exhibits 3-6, 9-23, 25, 40, 41, and 47 to Exhibit "A" of Plaintiffs' Amended Motion for Leave to File a Second Amended Complaint under seal. ECF 36. Because the underlying motion is dispositive, the compelling reasons standard applies to whether these documents should be sealed. *See Ctr. for Auto Safety*, 809 F.3d at 1098.

It seems that Plaintiffs are operating out of great caution in seeking to seal the sub-exhibits in accordance with the protective order agreed to by the parties. That is, Plaintiffs state that documents which contain materials designated confidential by any party must be filed under seal.

ECF 36 at 3. Id. Here, Defendants have designated all Body Worn Camera (BWC) video files as confidential. *Id.*

Designating a document as confidential under a protective order is insufficient to meet the compelling reasons standard. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (finding that documents subject to a protective order, filed under seal as attachments to dispositive motions are still subject to the 'compelling reasons' standard). The party seeking to seal documents still carries the burden of showing specific interests that favor continued secrecy and outweigh "the public interest in understanding the judicial process." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1994); *see also Kamakana*, 447 F.3d at 1181.

Plaintiffs do not explain, specifically, what confidential information each individual sub-exhibit contains. Plaintiffs cite only the protective order as reason to file the sub-exhibits under seal. Accordingly, finding no compelling reason to seal, the Court will deny ECF No. 36 without prejudice.

However, since the protective order pertains to material designated confidential by Defendants, Defendants may still wish to seal the aforementioned documents. If either the Plaintiffs or Defendants would like to do so, a motion to seal must be filed within 30 days from today explaining, specifically, why compelling reasons exist to seal the sub-exhibits in question. If no such motion is filed, the sub-exhibits will be unsealed.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Seal at ECF No. 36 is **DENIED**. The Clerk of Court is kindly directed to maintain under seal ECF No. 35. Parties are cautioned that if no motion is filed within 30 days from today, this docket entry will be unsealed.

DATED: June 21, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE